[No. 23250. Department One. January 7, 1932.]

WHEELER WARREN, as Guardian of the Person and Estate of Sally Warren, a minor, Appellant, v. HASKELL R. BOWDISH et al., Respondents.[1]

Rigg, Brown & Halverson, for appellant.

Palmer, Askren & Brethorst and Irving J. Bounds (B. E. Lutterman, of counsel), for respondents.

[1]Reported in 6 P. (2d) 593.

HERMAN, J.—Plaintiff, as guardian of Sally Warren, a minor, brought suit for damages on account of injuries sustained by Sally Warren while a guest in an automobile driven by Raleigh Bowdish, the minor son of defendants.

The testimony showed that, on the date of the accident, April 5, 1930, Raleigh Bowdish met Sally Warren in the business section of Yakima. She drove home in her automobile, and Raleigh Bowdish followed her home in the automobile he was driving. After arriving at her home, she got into the Bowdish car and went for a ride with Raleigh Bowdish. Leaving the city limits of Yakima, they traveled at a rate of from fifty to seventy miles per hour. They passed two deputy sheriffs in an automobile, who proceeded to follow them for a distance of between five and six miles until the time of the accident.

About nine hundred feet before reaching the place where the accident occurred, Raleigh Bowdish made a turn. Because of the dust, this was the last either deputy sheriff saw of the car before the accident, one of those officers having caught sight of the car as it made the turn, and the other not having seen the Bowdish car for a distance of about a mile from the point of the accident.

Raleigh Bowdish testified he slowed down to about thirty-five miles per hour to make the turn, and that, after making the turn, his speed never exceeded forty miles per hour. He further testified that, after making the turn, he proceeded along his course, that he decreased his speed to cross a culvert which was raised slightly above the level of the road, and that, after crossing the culvert, for some unknown reason the steering apparatus of the Bowdish car locked and the car left the road, colliding with a tree, while traveling about twenty miles per hour. The testimony of

Raleigh Bowdish as to what happened after making the turn, and as to the rate of speed he was traveling, stands uncontradicted by any other witness.

The trial court entered judgment for defendants, from which plaintiff appeals.

■ Sally Warren was present in court, capable of testifying at the time of the trial. She was not called as a witness by appellant, and did not dispute the testimony of Raleigh Bowdish as to the speed of the Bowdish car after making the last turn before the accident. She did not contradict his testimony that the steering device on the automobile became locked, and that they were traveling about twenty miles per hour when they struck the tree; nor did she contradict his testimony as to the rate of speed or manner in which he drove after making the last turn prior to the accident.

In *Rosenstrom v. North Bend Stage Line,* 154 Wash. 57, 280 Pac. 932, the court said:

"In instances where the witness is an actor in the transaction which gives rise to the controversy, and is presumably favorably disposed towards one of the parties and that party does not produce him as a witness, it is presumed that his testimony, if produced, would be unfavorable to him."

■ Taking as true, for the purpose of this case, the testimony of Raleigh Bowdish, because it stands uncontradicted, we must find that the driver of respondents' car was not guilty of such gross negligence as is necessary to permit an invited guest in an automobile to recover for injuries sustained. We are not unmindful that there was introduced in evidence the judgment roll in the case of State of Washington v. Raleigh Bowdish, wherein it was shown that he pleaded guilty to the offense of reckless driving on the day of the accident. Sally Warren having been an

invited guest, liability cannot be predicated upon reckless driving prior to the time of the accident, because the evidence shows that, at the time the accident occurred, the driver was not guilty of gross negligence.

The trial court having entered judgment for respondents, and there being no evidence that the driver of respondents' car was guilty of gross negligence causing the injury, it becomes unnecessary to consider the other assignments of error relative to the findings of fact presented by appellant.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, BEELER, and PARKER, JJ., concur.